IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD RAY WILLIAMS,

    Petitioner,                    No. CIV S-07-0028 FCD DAD P

    vs.

HOREL, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 15, 2007, the court dismissed the petition and granted petitioner leave to file an amended petition to both clarify the nature of his federal constitutional claims and whether those claims had been presented to the California Supreme Court.

        In his amended petition filed November 13, 2007, petitioner challenges his 1996 judgment of conviction for murder entered in the Sacramento County Superior Court following a plea of nolo contendere.  Petitioner describes his claim and supporting facts as follows:

/////

/////

/////

1

> Ground one:  The U.S. Const.'s 14th Ammend's [sic] my entire federal case!
>
> Supporting FACTS:  This habes [sic] concerns "AN APPEAL" upon the enclosed Supreme Court/Calif. case, "S142617", which denied/revoked "all" protections of the 14th!

(Am. Pet. at 4.)  The following six pages of the amended petition contain assertions regarding the constitutional protections provided by the Fourteenth Amendment, Equal Protection Clause, and Due Process Clause; however, petitioner fails to explain how his constitutional rights were violated in the course of his state court criminal proceedings.  As to the relief he seeks, petitioner provides only the following:

> I move the fed. judge reverse Supreme Court of Calif.'s unconst. decision: for release!!!
> . . . .
> I seek an "immediate" reversal on appealed case . . . and restitution/recompense for the wrongly imprisoned time – since November 29, 2006; a year in one month!!!
> Detained illegally/unconst.; thus: falsely imprisoned!!!
> Thus:  I seek "restitution" of:  $10,000,000 for false imprisonment!!!
> And [] $50,000,000 upon mental and emotional duress' for being wrongly denied "legal redress" (the 1st Ammend) [sic]!!!

(Id. at 8-10.)

In the court's October 15, 2007 order, the court informed petitioner that he needed to clarify the nature of his federal constitutional claims and that violation of state law could not provide the basis of federal habeas relief.  The court advised petitioner to use the form habeas petition and to answer each question posed therein.  Finally, the court advised petitioner that the court could not refer to a prior pleading to make his amended petition complete but rather that each claim and the supporting facts must be sufficiently alleged in the amended petition.

The court is required to examine a petition for federal habeas corpus relief before requiring a response to it.  See Rules 3 & 4, Rules Governing § 2254 Cases.  "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  Rule 4, Rules Governing § 2254

Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

Here, it plainly appears from the face of the amended petition that petitioner has not alleged claims that would entitle him to relief. His claims are vague and conclusory. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("Summary dismissal is appropriate only where the allegations in the petition are vague [or] conclusory or palpably incredible, or patently frivolous or false.") (internal quotation marks and citations omitted). Finally, petitioner seeks an award of monetary damages which not available by way of a habeas action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for a writ of habeas corpus be dismissed; and

2. This action be summarily dismissed because it plainly appears from the face of the amended petition that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
will0028.156